[Civ. No. 8764. Second Appellate District, Division One.—April 9, 1935.]

SECURITY BUILDING AND LOAN ASSOCIATION OF CALIFORNIA, Respondent, v. ANNA L. SEIBERT et al., Defendants; DUREX SYSTEM, LTD. (a Corporation), Appellant.

E. T. Young for Appellant.

Julius V. Patrosso for Respondent.

EDMONDS, J., pro tem.—Durex System, Ltd., a corporation, appeals from a judgment rendered against it in an action brought on its alleged guarantees of three promissory notes. Appellant contends that the evidence is insufficient to sustain the findings and judgment that the guarantees were executed by it.

During the time of the transactions in controversy the controlling capital stock interest in the plaintiff corporation

was owned by Metropolitan Capital Corporation, formerly known as Metropolitan Guaranty Corporation, and some of its officers under an executory contract for the purchase of capital stock. Furthermore, by contract the Metropolitan corporation had the controlling interest in the capital stock of the Durex corporation, which, however, although subscribed for, was never actually issued. At all times material herein C. T. Owen was president of the plaintiff corporation, vice-president of the Metropolitan corporation and vice-president of the Durex corporation, and M. M. Hurford was vice-president of the plaintiff corporation, an officer and director of the Metropolitan corporation and secretary of the Durex corporation.

The notes in controversy were made by Anna L. Seibert to the order of the Durex corporation and each of them bears the following: "Los Angeles, Cal. Sept. 4, 1930. For Value Received we hereby assign and transfer to the Metropolitan Capital Corporation the within trust deed note together with all rights accrued or to accrue by virtue of deed of trust securing said note and do hereby guarantee payment of principal and interest and waive demand protest and notice of protest covering said note. DUREX SYSTEM, LTD., C. T. Owen, Vice-President, M. M. Hurford, Secretary. (Seal)" The notes were thereafter transferred by the Metropolitan corporation to the plaintiff, which has sued upon these contracts of guaranty.

Mr. Hurford's remembrance of the execution of the guarantees was exceedingly hazy. He remembered having signed them at Mr. Owen's request. He was the secretary of the Durex corporation and was charged with responsibility for the seal, but Mr. Owen kept it. He had no recollection of affixing the corporate seal to the notes but expected Mr. Owen to affix the seal to any papers where it was necessary. He did not know of any consideration received by the Durex corporation for the assignments or the guarantees nor the purpose of the transfers, and he never heard the subject of the notes discussed. The minute-book of the Durex corporation contains no resolution authorizing or ratifying the assignments or guarantees or any mention of them whatever.

Mr. Von Stein testified that the notes were turned over by him, as general manager of the Durex corporation, to Mr.

Gates and Mr. Owen, as officers of the Metropolitan corporation, for safekeeping by them for the Durex corporation. According to his testimony nothing was ever said to him by anyone on the subject of transferring the notes and trust deed, and the first time he knew that the notes had been transferred or attempted to be transferred was some months later when a settlement of the affairs of the Metropolitan corporation and the Durex corporation was worked out. In a contract executed by the two corporations in March, 1931, for the purpose of adjusting their accounts Durex corporation assigned and delivered to Metropolitan corporation "all right, title and interest which it now has or may hereafter at any time have in and to a second trust deed made, executed and delivered by Anna L. Seibert". No mention of any guaranty is made in this contract nor is any previous transfer of the notes referred to. At that time, Mr. Von Stein testified, he thought all three notes sued upon were still in the possession of the Durex corporation.

None of the other officers or directors of either the Durex corporation or the Metropolitan corporation testified, and the evidence concerning the execution and delivery of the guarantees sued upon consists of the instrument, with the signatures of the officers of the Durex corporation and the seal of that corporation on the one hand, and the testimony of Hurford and Von Stein on the other. Under these conditions it was for the trial court to determine the fact as between the testimony of the officers of the corporation, and the presumption arising from a contract purporting to be executed by the corporation under its corporate seal. Such contract, according to the provisions of section 374 of the Civil Code, shall be deemed *prima facie* evidence that any such instrument is the act of the corporation. (As to the effect of a presumption as evidence, see *Smellie* v. *Southern Pacific Co.*, 212 Cal. 540 [299 Pac. 529]; *Keating* v. *Morrissey*, 6 Cal. App. 163 [91 Pac. 677]; *Gray* v. *Fred B. Neuhoff Co.*, 124 Cal. App. 567, 578 [12 Pac. (2d) 1036].) The finding of the trial court that the guarantees were executed and delivered by the Durex corporation is, therefore, beyond our power to review.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 7, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 6, 1935.